IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DERRICK JAMARCO SUMRALL**                                                    **PETITIONER**

v.                                                    CIVIL ACTION NO.: 3:23-cv-466-KHJ-MTP

**BILLY SOLLIE**                                                                **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Derrick Jamarco Sumrall's *pro se* Petition for Writ of Habeas Corpus [1][1] filed under 28 U.S.C. § 2241 and Respondent Billy Sollie's Motion to Dismiss [13]. Petitioner has not responded to Respondent's Motion [13], and the time for doing so has expired.[2] Having considered the petition, the record, and applicable law, the undersigned recommends that the Motion to Dismiss [13] be GRANTED and the Petition [1] be DENIED. The undersigned further recommends that Petitioner's "Motion Request to be Released" [9] be DENIED.

## BACKGROUND

Derrick Jamarco Sumrall ("Sumrall"), proceeding *pro se*, filed the instant Petition [1] challenging his pre-trial detention at the Lauderdale County Detention Facility. Though Sumrall has been separately indicted as a habitual offender for two counts of possession of a controlled substance and aggravated domestic violence, he has not yet been brought to trial for either

---

[1] Sumrall initially filed a handwritten Petition that was not sworn on July 20, 2023. *See* [1]. Then, on September 27, 2023, Sumrall filed a form 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. *See* [6].

[2] Respondent filed the Motion to Dismiss [13] on January 8, 2024, and certified that the Motion [13] was mailed via U.S. mail, postage pre-paid, to Sumrall's address of record that day.

1

charge. *See* [13-4]; [13-6]. Sumrall challenges the propriety of his confinement, alleging that his bond was revoked illegally. *See* [1], [6], [9].

On May 29, 2021, Sumrall was arrested for aggravated domestic violence. [14-3] at 8. He was released on bond on July 10, 2021. *Id*. While on bond, and before he was indicted on the domestic violence charge, Sumrall was arrested for two counts of possession of a controlled substance on February 19, 2022. [13-1]. Again, he was released on bond several days later. *Id*. On April 4, 2023, Sumrall was indicted for two counts of possession of a controlled substance as a subsequent and habitual offender under Miss. Code Ann. 99-19-81.[3] [13-1]. Consequently, on July 14, 2023, the Lauderdale County Circuit Court revoked Sumrall's initial bond since he was indicted for a felony offense—the possession charges—while he was out on bond from the domestic violence charge.[4] [13-8]. That bond revocation is the subject of Sumrall's challenge.

Sumrall filed his hand-written Petition [1] on July 20, 2023,[5] arguing that his confinement is unlawful due to an illegal bond revocation. In support, Sumrall alleges that he has not committed any subsequent crimes that justify his bond revocation. *See* [1] at 2. Sumrall also claims that, although he was arrested on May 29, 2021, he "went to court and won the case. Dismissed. And [he] was released." *See* [6] at 6. On November 27, 2023, Sumrall submitted a letter, docketed as "Motion Request to be Released" [9], requesting the same relief in his Petition

---

[3] Later, on January 2, 2024, the Lauderdale County Circuit Court entered an Order of Nolle Prosequi on Sumrall's indictment from April 4, 2023, because he had been reindicted on November 28, 2023, for two counts of a controlled substance as a subsequent and habitual offender under Miss. Code Ann. 99-19-83. *See* [13-3]; [13-4].

[4] On June 22, 2023, Sumrall was also indicted for aggravated domestic violence–strangulation under Miss. Code Ann. § 97-3-7(4)(a)(iii) and as a habitual offender under Miss. Code Ann. § 99-19-83. [13-6].

[5] The Petition [1] was purportedly signed on July 17, 2023.

2

[1] and again alleging that his bond was "revoked illegally because [he] did not commit another charge after [he] made bond."

Additionally, Sumrall complains that he is "continually being held without [his] CPAP machine and adequate medical care" and that he is constantly "being agitated and harassed by the guards." *See* [8].  Sumrall has not requested damages nor to be brought to trial on the charges at issue; instead, he seeks dismissal of the charges and immediate release from custody. [6] at 8.

Respondent Billy Sollie ("Respondent") moved to dismiss Sumrall's petition for failure to state a claim upon which relief may be granted, or in the alternative, for failure to exhaust state court remedies.  *See* [13].  Sumrall has not responded and the time for doing so has expired.

## ANALYSIS

### *Request to Dismiss Charges*

A pretrial detainee may seek federal habeas relief under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).  However, a pretrial detainee's federal habeas relief "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S.484, 488-89 (1973).  A pretrial detainee who files a habeas petition as "an attempt to dismiss an indictment or otherwise prevent a prosecution" is seeking relief that is "normally not attainable through federal habeas corpus." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).

3

In the instant matter, Sumrall also does not identify any "special circumstances" warranting this Court's intervention in the state court proceedings against him. Sumrall requests that the charges pending against him in state court be dismissed "for good." [6] at 8. He argues that he has already been found not guilty of the domestic violence charge and that the case has been dismissed. *Id.* at 7-8. The record does not support this assertion.

Sumrall pled not guilty to the domestic violence charge on July 14, 2023. *See* [13-7]. He has not been adjudicated as such, however, and the current record does not show that he "won the case" nor that the charges have been "dismissed." Sumrall thus asks this Court to dismiss charges that have yet to be decided in the Lauderdale County Circuit Court. Sumrall failed to respond to the Motion to Dismiss [13] and has not filed any other pleading or document identifying "special circumstances" warranting such intervention.

Sumrall's request to dismiss the charges is therefore an attempt to "abort" or "disrupt" the normal and "orderly functioning of state judicial processes," and the Court may not review that request. *Brown*, 530 F.2d at 1282-83. Accordingly, Sumrall has not stated a cognizable claim for habeas corpus relief, and the instant petition should be dismissed with prejudice.

**Bond-Revocation Claim**

To the extent that Sumrall's petition requests this Court review the Lauderdale County Circuit Court's decision revoking his bond, he still has not stated a claim upon which federal habeas corpus relief may be granted. Respondent argues that the Lauderdale County Circuit Court's decision to revoke Sumrall's bond was made pursuant to Miss. Const. art. 3 § 29, which provides:

> If a person charged with committing any offense that is punishable by death, life imprisonment or imprisonment for one (1) year or more in the penitentiary or any other state correctional facility is granted bail and (a) if that person is indicted for a felony committed while on bail … then the court *shall revoke bail* and *shall*

...

>   *order that the person be detained*, without further bail, pending trial of the charge for which bail was revoked.

Miss. Const. art. 3 § 29 (emphasis added).

Here, Sumrall claims that his bond was "revoked illegally[ ] because [he] did not commit another charge after [he] made bond." [9].  But, as noted above, Sumrall was arrested and subsequently indicted on the possession charges while on bond for aggravated domestic violence.  The Lauderdale County Circuit Court thus revoked Sumrall's bond consistent with the mandatory language in Miss. Const. art. 3 § 29.  Sumrall's alleged bond-revocation claim is therefore a matter of state law, but "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).  Accordingly, the bond-revocation claim should be dismissed with prejudice.

***Exhaustion***

Assuming Sumrall had stated a cognizable claim, he is still not entitled to habeas relief because he has not exhausted state remedies.  *See Dickerson*, 816 F.2d at 225.  To satisfy the exhaustion requirement, a petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  The petitioner must present his claims to the state's highest court in a procedurally proper manner and afford that court a fair opportunity to consider them.  Here, Sumrall "would need to present the grounds of his federal habeas petition to the Mississippi Supreme Court." *Hudson v. Mississippi*, 2009 WL 2487930, at *1 (S.D. Miss. Aug. 12, 2009).

Respondent asserts that the dockets of Sumrall's state criminal cases do not reflect any challenge to his bond revocation.[6] Upon review, Sumrall's filings do not indicate that he has exhausted the bond-revocation claim. He does not allege that he presented his claims to the state's highest court as required; in fact, Sumrall admits that he did not file any appeals to a higher court. *See* [6] at 3. A review of the record also confirms that Sumrall has not yet submitted his claim to the Mississippi Supreme Court,[7] and Sumrall does not identify any exceptional circumstances to avoid the pre-filing exhaustion requirement. As such, Sumrall has not exhausted his state remedies, and the petition should be dismissed for that reason as well. *See Hillie v. Webster*, 2019 WL 1304256, at *4 (N.D. Miss. Jan. 4, 2019) (noting that petitioner did not seek a remedial writ in the Mississippi appellate courts and finding that petitioner failed to exhaust his state court remedies).

***CPAP, Inadequate Medical Care, and Harassment Claims***

In addition to his bond-revocation claim, Sumrall alleges that jail officials have not provided him with a CPAP machine, that he is not receiving adequate medical treatment, and that the guards constantly agitate and harass him. These claims arise from the conditions of Sumrall's confinement, but federal habeas corpus relief is limited to claims challenging the fact or duration of confinement. *Cook v. Tex. Dep't of Crim. Just. Transitional Plan. Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). A petitioner challenging the unconstitutional conditions of his

---

[6] Sumrall submitted a letter to the Lauderdale County Circuit Court requesting that he be assigned a "new public defender." *See* [14-3] at 13. He did not submit any challenges regarding his bond claims he now raises in his habeas corpus petition. Sumrall alleges in his § 2241 form Petition [6] that he has "filed many grievances" arguing that he has already been to court and won (allegedly on the domestic violence charge). The record includes no such grievances, and Sumrall admits that he did not file subsequent appeals to a higher court. *See* [6] at 2-3.

[7] *See* https://www.courts.ms.gov/ (last visited February 8, 2024).

confinement should instead bring those claims in a civil action under 42 U.S.C. § 1983. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

Accordingly, as these claims are not proper in Sumrall's habeas petition, the undersigned recommends dismissing these claims without prejudice to Sumrall's right to seek relief in a separate civil action.[8] *See Lineberry v. U.S.*, 380 F. App'x 452, 453 (5th Cir. 2010) (affirming district court's dismissal of conditions-of-confinement claims in a habeas case); *see also Williams v. Sterrect,* 2021 WL 2481892, at *3 (N.D. Tex. May 19, 2021).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that:

1. The Petition for Writ of Habeas Corpus [1] be DENIED;

2. The "Motion Request to be Released" [9] be DENIED;

3. Respondent's Motion to Dismiss [13] be GRANTED;

4. Sumrall's habeas claims be DISMISSED with prejudice; and

5. Sumrall's claims relating to his conditions of confinement be DISMISSED without prejudice to Sumrall's right to seek relief in a separately-filed action.[9]

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing

---

[8] It appears that Sumrall may have already done so in *Sumrall v. Sollie*, Case No.: 3:23-cv-2993-KHJ-MTP. Moreover, even if the 42 U.S.C. § 1983 claims were properly before the Court in this matter, the undersigned would recommend dismissal as Sumrall seeks only a dismissal of his criminal charges, a remedy not available to him under 42 U.S.C. § 1983. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (release from incarceration is not available as relief in a suit filed under § 1983).

[9] This Report and Recommendation is not intended to suggest that Sumrall has or does not have viable claims.

party. L.U. Civ. R. 72(a)(3). The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 15th day of February, 2024.

s/Michael T. Parker<br>United States Magistrate Judge